IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GOLDEN BEAR INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV- 00764-DGK |
| | ) | |
| THE LEVEE BAR & GRILL, LLC, | ) | |
| and ADRAIN HUBBARD | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO DISMISS**

This declaratory judgment action arises out of exclusionary language in an insurance policy. Plainitff Golden Bear Insurance Company seeks a declaration that it has no duty to defend or indemnify its insured, Defendant The Levee Bar & Grill, LLC ("The Levee"), in a lawsuit brought against it by Defendant Adrain Hubbard in state court. Specifically, Plainitff seeks a declaration that the policy's assault and battery exclusion applies to the tort claims raised in the state court action.

Now before the Court are Defendants' motions to dismiss this case for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1). ECF Nos. 12, 15.[1] For the reasons discussed below, the motions are DENIED.

**Background**

Plainitff issued a Commercial General Liability policy to The Levee for the policy period January 18, 2023, to January 18, 2024 ("the Policy"). The Policy excludes coverage for claims or "suits" to recover for "bodily injury" arising from thirteen enumerated "acts, allegations, or causes of action" ("the Exclusion").

---

[1] Hubbard filed the motion, ECF No 12, and The Levee joined it, ECF No. 15.

On May 20, 2024, Hubbard filed a lawsuit against The Levee and John Doe in the Circuit Court of Jackson County, Missouri. The petition, among other things, alleged that Hubbard: (1) was a patron at a bar operated and maintained by The Levee; (2) became intoxicated after being overserved; (3) was removed from the bar; and (4) was struck in the head by The Levee's employee John Doe. The petition asserted a count against The Levee for negligent supervision/training, and a count against The Levee and John Doe for negligence.

On June 26, 2024, The Levee provided Plaintiff notice of the lawsuit, seeking defense, indemnity, or other payment under the Policy. Plainitff denied coverage pursuant to the Exclusion.

On October 3, 2024, Hubbard filed an amended petition which asserted the same claims but added additional factual details. On November 12, 2024, Plainitff again denied coverage pursuant to the Exclusion.

On November 25, 2024, Plainitff filed this declaratory action to determine whether the Exclusion applies to the claims raised in Hubbard's amended petition. Plainitff also intervened in the state court action and sought a stay pending resolution of this case.

**Standard**

Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss a complaint if it lacks subject-matter jurisdiction to hear a dispute. In deciding a motion under Rule 12(b)(1), the Court "must distinguish between a 'facial attack' and a 'factual attack.'" *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Here, Defendants make a facial attack on the Court's subject matter jurisdiction, thus the Court considers only the pleadings to determine whether Plaintiff has sufficiently alleged a basis for jurisdiction. *See id*.

## Discussion

Defendants argue this case should be dismissed for the following reasons: (1) Plaintiff's complaint fails to plead an actual controversy; (2) this is a parallel proceeding to one pending in state court; and (3) jurisdiction is discretionary. The Court rules as follows.

I. **Plaintiff has pled an actual controversy.**

Defendants argue Plainitff has failed to plead an actual controversy because it has not offered to defend the state court action with a reservation of rights before filing this declaratory action. That is, because Plaintiff has not offered, and Defendants Hubbard has not declined a reservation of rights defense, the Exclusion is not in controversy here.

Defendants' argument is unavailing. Defendants do not cite any authority indicating an insurer must first offer a reservation of rights defense before seeking a declaration regarding its rights and obligations under an insurance policy. In fact, a cursory review of Missouri law indicates there is no such requirement. *See Stacy v. Bar Plan Mut. Ins. Co.*, 621 S.W.3d 549, 564 (Mo. Ct. App. 2021) ("To avoid estoppel of a defense to coverage, an insurer may either file a declaratory judgment action to determine its obligations under the policy or defend the insured with a reservation of rights."); *McCrackin v. Mullen*, 701 S.W.3d 868, 876 (Mo. 2024) (en banc) ("Insurers with good faith coverage questions should file a declaratory judgment action simultaneous with the underlying tort action and seek a stay of the tort action until the declaratory judgment action is resolved.").

Accordingly, Defendants' first argument for dismissal is denied.

II. **This case is not parallel to the state court proceeding.**

Defendants argue that this "Declaratory Judgment Action and the State Court Action are parallel proceedings as they both seek to determine the cause of Adrain Hubbard's injuries." Suggestion in Supp. at 10, ECF No. 13.

Defendants' argument is unpersuasive. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (citation and internal quotation omitted); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995) (noting that parallel proceedings "present[] opportunity for ventilation of the same state law issues"). This is not the case here. First, Plainitff is not a party to the state court action (aside from its limited appearance to request a stay). Second, the issues presented in each forum are not substantially the same. This declaratory action concerns Plaintiff's coverage obligations, whereas the state court action concerns whether The Levee is liable for the injuries Hubbard sustained. Stated differently, there are issues in the federal forum that will not be addressed in the state forum.

More importantly, this action will not determine the cause of Hubbard's injuries as Defendants contend. Rather, it will consider, based on the claims pled in state court, whether Plaintiff has a duty to defend and indemnify under the Policy. *See Trainwreck W. Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 39 (Mo. Ct. App. 2007) (noting the obligation to defend is "determined from the cause of action pleaded, at the time the action is commenced, not from what an investigation or a trial of the case may show the true facts to be.").

Accordingly, because this is not a parallel proceeding, Defendants' second argument for dismissal is denied.

**III.     The Court will not otherwise dismiss the case.**

Lastly, Defendants argue the Court should exercise its discretion and dismiss the case under the six-factor test set forth in *Scottsdale*.

This argument is unpersuasive. In deciding whether to exercise jurisdiction over a declaratory judgment action, district courts are instructed to consider the following factors:

4

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Scottsdale*, 426 F.3d at 998.

Defendants argue each factor weighs in favor of dismissal. In doing so, they primarily rely on the contention that this declaratory action will decide issues of liability with respect to the state court action. For the reasons discussed above, that argument is meritless with respect to the *Scottsdale* factors; the Court finds as follows.

The first and second factors weigh in favor of exercising jurisdiction. This action will "clarify[] and settl[e]" the legal relations at issue and afford relief from the "uncertainty, insecurity, and controversy" between Plainitff and The Levee. Namely, Plaintiff's coverage obligations under the Policy.

The third and fourth factors weigh in favor of exercising jurisdiction. Defendants have not advanced a legitimate state interest in having the coverage issue decided in state court. And, considering Plainitff is not a party to the state court action (aside from its limited appearance to request a stay), it is not clear that the coverage issue can be resolved more efficiently there than in a federal forum.

The fifth factor weighs in favor of exercising jurisdiction. "Any common issues do not hinge on the same questions of law—the state action sounds in tort and the federal action in

contract. Any overlapping issues of fact are insignificant." *Id.* at 999. This is especially true where, as here, the Court is not deciding liability with respect to the state court action.

Lastly, the sixth factor weighs in favor of exercising jurisdiction. There is no evidence Plaintiff is using this action for "procedural fencing," as this declaratory action will not decide liability with respect to the state court action.

Accordingly, because all six factors weigh in favor of exercising jurisdiction, Defendants' third argument for dismissal is denied.

## Conclusion

For the foregoing reasons, the motions to dismiss are DENIED

**IT IS SO ORDERED.**

Date: May 15, 2025 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT