IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GOLDEN BEAR INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV- 00764-DGK |
| | ) | |
| THE LEVEE BAR & GRILL, LLC, | ) | |
| and ADRIAN HUBBARD, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING JUDGMENT ON THE PLEADINGS

This declaratory judgment action concerns the exclusionary language in an insurance policy. Plaintiff Golden Bear Insurance Company ("GB Insurance") seeks a declaration that it has no duty to defend or indemnify its insured, Defendant The Levee Bar & Grill, LLC ("The Levee"), in a lawsuit (the "Underlying Lawsuit") brought against it by Defendant Adrian Hubbard ("Hubbard"). More specifically, Plaintiff seeks a declaration that the insurance policy's assault and battery exclusion applies to the tort claims raised in the Underlying Lawsuit.

Now before the Court is Plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 27. Because Plaintiff has shown that no material issue of fact remains and it is entitled to judgment as a matter of law, the motion is GRANTED.

### Background

GB Insurance issued a Commercial General Liability policy to The Levee for the period January 18, 2023, to January 18, 2024 ("the Policy"). The Policy excludes coverage for claims or "suits" to recover for "bodily injury" arising from thirteen enumerated "acts, allegations, or causes of action" ("the Exclusion").

On May 20, 2024, Hubbard filed in the Circuit Court of Jackson County, Missouri, his initial petition in the Underlying Lawsuit, ECF No. 1-1, against The Levee and John Doe. In relevant part, the initial petition alleged Hubbard: (1) was a patron at a bar operated and maintained by The Levee; (2) became intoxicated after being overserved; (3) was removed from the bar without incident; and (4) after he was outside the bar, he was approached by an unknown employee of The Levee, John Doe, who struck Hubbard in the head, causing him to fall uncontrolled to the pavement, striking his head on the pavement.

On June 26, 2024, The Levee provided GB Insurance notice of the lawsuit, seeking defense, indemnity, or other payment under the Policy. GB Insurance denied coverage pursuant to the Exclusion.

On October 3, 2024, Hubbard filed an amended petition ("the Amended Petition") in the Underlying Lawsuit, ECF No. 1-3, which asserted the same claims but added additional factual details. The Amended Petition alleges that after Hubbard was removed from the bar, he was involved in a brief altercation with a female security guard, bumping her. John Doe allegedly saw the contact between Hubbard and the female security guard and "perceived himself or the female security guard to be in danger from a threat by Hubbard and used force in defense of himself or another contacting [Hubbard]," causing Hubbard to strike his head on the pavement. *Id*. at ¶ 14.

The Amended Petition seeks damages for Hubbard's alleged injuries based on theories of (1) negligent supervision/training, and (2) negligence. It alleges John Doe, acting within the scope of his employment, failed to act reasonably in perceiving Hubbard as a threat to use force on him, including the reasonableness of the force used, and that The Levee overserved Hubbard with alcohol and failed to properly train and supervise John Doe, who allegedly used or showed proclivities towards using unnecessary and excessive force towards customers, to prevent him

2

from using unnecessary and excessive force, including negligently condoning and encouraging the use of unjustified and unreasonable force with customers, which led to Hubbard's injuries.

On November 12, 2024, GB Insurance again denied coverage pursuant to the Exclusion.

On November 25, 2024, GB Insurance filed this declaratory action to determine whether the Exclusion applies to the claims raised in the Amended Petition. GB Insurance also successfully sought a stay in the Underlying Lawsuit pending resolution of this case.

## Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To succeed on a motion for judgment on the pleadings, the moving party must "clearly establish[ ] that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). A court analyzes a motion for judgment on the pleadings under the same standards that apply to a Rule 12(b)(6) motion, that is, a court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." *Id*.

## Discussion

In its Suggestions in Support, ECF No. 28, GB Insurance argues the Exclusion precludes coverage for the underlying lawsuit. In their responses,[1] Defendants do not dispute this assertion, thus conceding the point by their silence because a party's failure to oppose specific arguments in a motion to dismiss results in waiver of those issues. *See, e.g.*, *Richards v. State of Minnesota*, Civ. No. 13-3029 (JRT/JSM), 2016 WL 818657 at *12 (D. Minn. Jan. 15, 2016) (failure to respond to defendants' arguments in favor of dismissal resulted in waiver of the right to object to these

---

[1] Hubbard filed suggestions in opposition, ECF No. 33, which the Levee joined, ECF No. 34, without qualification or addition.

3

arguments). Defendants instead argue the motion for judgment on the pleadings should be denied because: (1) GB Insurance has failed to file suit against a necessary and indispensable party, the unknown employee-assailant John Doe; and (2) the Exclusion is void as against public policy.

Both of Defendants arguments are unavailing.

I.      **John Doe is not an indispensable party.**

Defendants first argue John Doe qualifies as an insured under the Policy, thus he is a necessary (meaning required) and indispensable party to this lawsuit under Federal Rule of Civil Procedure 19. They contend that since he is not a party, the motion for judgment on the pleadings must be denied for failure to join an indispensable party.

In response, GB Insurance argues John Doe is not an insured under the Policy because what he was allegedly doing was outside the course and scope of his employment. Even if he was acting within the scope of his employment, the Exclusion still applies to him. Finally, regardless of whether he is an insured under the Policy, he is not a required or indispensable party to this case.

The Court holds John Does is not a required or indispensable party. Rule 19(a) defines a required party as follows.

> **(a) Persons Required to be Joined if Feasible.**
>
> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

4

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The threshold requirement here for a required party is that he be "subject to service of process." But as Defendants concede in their brief, John Doe "cannot be named, cannot be properly served, and . . . it is unknown whether adding him to the case would destroy subject matter jurisdiction." Opp'n at 6, ECF No. 33. This acknowledgment is fatal to their claim that John Doe is an indispensable party. Defendants' suggestion that this should not matter because GB Insurance is somehow to blame for their inability to serve John Doe is baseless. Defendant The Levee employed John Doe at the time he allegedly assaulted Hubbard, so between the two of the Defendants, they should be able to figure out who John Doe is and serve him, if in fact he is subject to service.

Even if John Doe were subject to service of process, however, Plaintiff would still not be required to join him because his absence does not preclude the Court from affording complete relief among the existing parties. In determining whether the Court can afford relief among the existing parties in the absence of a non-party, the "focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983). Here, the Court is able to afford complete relief among the existing parties and determine Plaintiff's obligation to defend and indemnify The Levee, an obligation which is separate and apart from any obligations Plaintiff may owe to any other potential insured, including John Doe. The Policy contains a "Separation Of Insureds" provision, which provides, in part, that coverage applies "[s]eparately to each insured

5

against whom claim is made or 'suit' is brought." ECF No. 1-5 at 22.  This language means each insured seeking coverage is treated separately as if they were the only insured on the Policy for purposes of coverage.  *See, e.g.*, *Piatt v. Ind. Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 795 (Mo. 2015).  Thus, the Court can afford complete relief among the existing parties to this matter, so John Doe is not a necessary (required) party.

**II.     The Exclusion is not void as against public policy.**

Defendants' second argument is that the Exclusion is void as against public policy because Missouri's public policy favors self-defense, and the Policy has a carve out in its Assault and Battery Exclusion excluding coverage for those who "use reasonable force to protect persons or property."  This argument—which cites no caselaw in support—is borderline frivolous.  As a threshold matter, there is an enormous difference between the law recognizing self-defense as a defense in the criminal and civil context and this Court creating common law requiring an insurance company to defend and indemnify anyone who might make a self-defense claim to a tort.  Whether Missouri law insulates a party from liability for intentionally harming another person in self-defense is a separate issue from the one presented here, namely whether the Policy, a contract between Plaintiff and The Levee, precludes coverage for such intentional conduct.  Further, it is axiomatic that courts may not rewrite policies to create coverage not agreed upon by the parties.  *Young v. Ray America, Inc.*, 673 S.W.2d 74, 81 (Mo. App. 1984) ("In construing insurance contracts, courts may never rewrite them so as to provide coverage for which the parties never contracted.").  The Court rejects Defendants' attempt to conflate the legal justification for using force in self-defense with an entitlement to insurance coverage when using self-defense.  The Levee was free to contract for optional coverage for the conduct excluded by the A&B Endorsement (albeit with an added premium) but chose not to.  That decision, memorialized in the Policy, is not against public policy.

6

Case 4:24-cv-00764-DGK     Document 37     Filed 11/07/25     Page 6 of 7

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is GRANTED.

**IT IS SO ORDERED.**

Date: October 6, 2025 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT